UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THEODORE O. OSTER**                                   **CIVIL ACTION**

**VERSUS**                                              **No. 06-10438**

**ALLSTATE INSURANCE**                                  **SECTION "C" (5)**
**COMPANY, ET AL**

### ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Docs. 2, 9, 18). With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the

removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In response to the Court's order defendant, Allstate Insurance Company ("Allstate"), informed the Court that the plaintiff's, Theodore Oster ("Oster"), homeowners insurance has coverage limits of $131,000 for dwelling, $91,700 for contents and $13,100 for other structures.  See, Rec. Doc. 10.  Allstate also stated that Oster claims that his property was a total loss.  Oster asserted that Allstate has only paid $20,912 on his homeowner's insurance claim. Furthermore, Oster reaffirms that his losses equaled or exceeded the policy limits.  Therefore, the Court is satisfied that Allstate has met its burden to show that the amount in controversy exceeds the

jurisdictional limit.

However, Allstate must still show that there is complete diversity, i.e. that the citizenship of every plaintiff is diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Railroad Co., 252 F.3d 220, 222-23 (5th Cir. 2003); See also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" Smallwood, 352 F.3d at 223 (citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. Rich III v. Bud's Boat Rentals, Inc., 1997 WL 785668, *2 (E.D. La. 2003) (citing Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive

3

law or does not intend to secure a judgment against that defendant. Englande v. Glaxo Smithkline, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  Englande, 206 F. Supp. 2d at 819 (citing B., Inc., 663 F.2d at 545).  This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, Melder v. Allstate Corp., 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .")  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. Id., 385 F.3d at 572.

      The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery

against the in-state defendant." Id. "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

In its Notice of Removal (Rec. Doc. 1), Allstate claims that the Louisiana defendants, Bruce Cuccia and Bruce Cuccia Insurance Agency, Inc. (collectively, "Cuccia"), was fraudulently joined so as to defeat removal. Allstate claims that Oster cannot allege any set of facts which would entitled him to relief from his insurance agent, Cuccia. According to Allstate, any claims against Cuccia are perempted and the complaint does not allege any claims against Cuccia. Allstate also argues that any claims against Cuccia are not related to Oster's claims against Allstate.

Oster disagrees. He asserts that Cuccia was not fraudulently joined. He argues that the allegations against Cuccia in its state court petition allege a cause of action against the insurance agent under Louisiana law. Specifically, Oster claims that Cuccia failed to advise him of the proper amount and type of insurance coverage and failed to procure flood insurance that he had requested.

### 1. PEREMPTION

Allstate alleges that the claims against Cuccia are perempted under Louisiana Revised Statute § 9:5606.[1] It claims that Oster originally purchased the homeowner's

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
A. No action for damages against any insurance agent, broker, solicitor, or

5

insurance policy in question in 1988 and last renewed it on June 30, 2005.[2]  See, Rec. Doc. 15. Oster did not file his lawsuit until August 2006.  As a result, Allstate argues that Cuccia did not commit an action, omission or negligence within the one year peremption period, so Oster's claims against Cuccia are perempted.

Although Oster filed suit in August 2006, he claims that he did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when he discovered that he did not have the coverage he thought he did.  These dates show that Oster filed suit within one year of when he actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Oster should have discovered the alleged actions, omissions or neglect.  Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.  Stephens v. Audubon Ins. Co., 665 So.2d 683, 686,

---

other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one  year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

[2] The defendant bears the burden of showing that this Court has jurisdiction. Because no party has stated the date on which Oster allegedly requested that Cuccia secure flood insurance for him, the Court assumes that it was at the same time as the last renewal of his homeowner's insurnace policy.

27,658 (La. App. 12/6/95) (citing Matthews v. Business Men's Assur. Co. of America, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); Perkins v. Shelter Ins. Co., 540 So.2d 488 (La. App. 1 Cir. 1989)).  Oster alleges that he relied on Cuccia's representations regarding the adequacy of his insurance coverage.  See, Rec. Doc. 1.  Arguably, Oster could have discovered any gaps in his insurance coverage by carefully reading the policy.  At the same time, without further factual development, the Court cannot determine whether Oster was lulled into complacency by representations made by Cuccia.  The facts may disclose that Oster's reliance was well-founded, regardless of the actual language of the policy, and that Oster therefore is excused from its failure to discover the problem earlier.

## 2. FIDUCIARY DUTY

Allstate also claims that Cuccia is improperly joined because Cuccia did not owe a fiduciary duty to Oster.  Allstate argues that insurance agents doe not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages. Allstate assert that Cuccia did not breach a duty to Oster and that Oster did not allege that Cuccia failed to procure flood insurance.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  Southern Athletic Club, 2006

WL 2583406 at *4 (citing <u>Karam v. St. Paul Fire & Marine Ins. Co.</u>, 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. <u>Id</u>.  However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client.  <u>Id</u>. (citing <u>Graves v. St. Farm Mut. Auto Ins. Co.</u>, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).

Oster suggests that Cuccia induced his assumption that he had the desired insurance coverage, when he actually did not.  In his complaint, Oster alleges that the homeowner's policy was entered into upon representation by Cuccia that it was the proper amount of coverage.  Rec. Doc. 1.  Also, the plaintiff said that he authorized his agent to procure flood insurance and provided a deposit for it.[3] Rec. Doc. 1. This suggests that he requested flood insurance and that Cuccia failed to secure it.  Thus, these allegations are sufficient to suggest that Cuccia may have breached a duty that he owed to Oster to secure all insurance requested.  Accordingly, the Court find that Allstate has not established that there is no reasonable basis for Oster's claims against

---

[3]     The Court notes that Oster's original petition does not state word for word that he asked Cuccia to procure flood insurance. However, Oster was acting *pro se* at the time that he filed his original petition and the Court finds that the referenced language is enough to state that claim.

Cuccia.

### 3. Misjoinder of Parties

Alternatively, Allstate claims that Cuccia was improperly joined because the causes of action against him are not related to those against Allstate. In a similar case, *Southern Athletic Club*, Judge Lemmon relied on *Radlauer v. Great Northern Inc. Co.*, 2006 WL 1560791 (E.D.La. 2006) to find that there was no fraudulent joinder. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.*, 2006 WL 2583406 *4 (E.D.La. 2006). Those cases both had only one plaintiff who was suing an insurance company, one adjustor and the insurance agent. Each court found that there was a real connection between the claims and the parties, because the plaintiff sought recovery for the same injury.

This Court agrees with those decisions and finds that they are applicable to the case at bar. Here, Oster is suing the insurance company and his insurance agent. All of the claims arise out of the same injury, i.e. his insurance coverage or lack thereof. Therefore, Cuccia is not fraudulently misjoined and diversity jurisdiction is lacking.

Accordingly,

IT IS ORDERED that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. 1147(c).

New Orleans, Louisiana this 2nd day of July, 2007.

                                                            _____
                                                            HELEN G. BERRIGAN
                                                            UNITED STATES DISTRICT JUDGE